UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RFE/RL, INC.,<br><br>    *Plaintiff*,<br><br>v.<br><br>KARI LAKE, in her official capacity as Senior Advisor to the Acting CEO of the United States Agency for Global Media;<br><br>VICTOR MORALES, in his official capacity as acting Chief Executive Officer of the United States Agency for Global Media; and<br><br>UNITED STATES AGENCY FOR GLOBAL MEDIA,<br><br>    *Defendants*. | Case No. 1:25-cv-799-RCL |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF WITHDRAWAL OF GRANT TERMINATION, CONDITIONAL REQUEST FOR A FURTHER TEMPORARY RESTRAINING ORDER, AND REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION**

  For the second time in less than a week, Defendants have announced that they view RFE/RL's request for relief as moot, based on their voluntary actions in response to litigation that provide only *partial* relief to RFE/RL. Shortly before this Court heard argument on RFE/RL's motion for a temporary restraining order ("TRO"), Defendants attempted to moot the request by disbursing the approximately $7.5 million requested by RFE/RL in connection with its TRO motion. But Defendants ignored RFE/RL's second request for relief—that the grant closeout process be paused—and this Court correctly held that relief was necessary to halt the closeout process, so that RFE/RL could spend the funds without potentially running afoul of the closeout requirements.

Now, Defendants appear to be attempting a similar gambit, though their exact position remains hard to pin down. Rather than file a substantive response to RFE/RL's preliminary injunction motion, Defendants shared a letter "rescind[ing]" the March 15 letter purporting to terminate RFE/RL's grant, but providing that the "recission is without prejudice to USAGM's authority to terminate the grant at a later date if USAGM were to determine that such termination was appropriate under the applicable law." ECF 15, at 4. Critically, neither the rescission letter nor the short filing that accompanied it makes any mention of moving forward with timely disbursing RFE/RL's funds as the law requires, nor does it provide confirmation that there is no legal impediment to RFE/RL using those funds.

In an attempt to clarify the situation, RFE/RL submitted an invoice to USAGM on March 27, requesting its funding for the March 15–April 30 period, and asking for a response by 10:00 AM on March 28. *See* Exhibit A. RFE/RL also contacted counsel for Defendants, posing three questions: (1) whether and when the March 15–April 30 funds would be disbursed; (2) whether Defendants would continue to disburse the remainder of the FY2025 funds appropriated to RFE/RL; and (3) whether Defendants could "confirm that there is no impediment, from USAGM's perspective, to RFE/RL using these funds, once they are disbursed, to continue with its standard operations in the ordinary course." *See* Exhibit B. These reasonable requests are consistent with the relief RFE/RL sought in its preliminary injunction proposed order. *See* ECF 6-6 (requesting "that Defendant USAGM restore disbursement of Plaintiff's congressionally appropriated funds to Plaintiff on a monthly basis pending final resolution of this lawsuit," and "that Defendants and their agents are enjoined from impounding, blocking, or otherwise interfering with the disbursement of appropriated funds to Plaintiff").

On March 28, Defendants responded to those questions. Defendants appeared to indicate that they would provide funding for the March 15–31 period, though they mentioned that the transfer process "involves parties outside USAGM's control" and would not make a representation as to when RFE/RL would receive the funds. However, with respect to the period beginning April 1, 2025, Defendants stated that they "will rely on any approved financial plan to disburse funds," and that RFE/RL "may expend disbursed funds under standard operations, as set forth in the Approved Financial Plan through March 31, 2025, and subsequent financial plan to be approved, and the grant agreement." Exhibit B. RFE/RL promptly followed up with Defendants' counsel to attempt to further clarify the situation and requested a response by 4:30 PM today, but, as of this filing, has received no response to its questions.

Defendants' responses raise serious concerns about RFE/RL's ability to access and spend its congressionally appropriated funds after March 31, 2025. USAGM requested RFE/RL's financial plan for the rest of the fiscal year on March 13, 2025, and asked to receive it by March 20, 2025. RFE/RL submitted its plan on that date, as requested. In the normal course, USAGM approves such plans promptly. The financial plan for the rest of this fiscal year extends plans contained in previous submissions, approved by USAGM, for the earlier part of the same fiscal year. However, despite RFE/RL's urging, Defendants have yet to approve that financial plan, or even indicate when a decision regarding approval will be made. Presumably, had the March 15 termination not occurred, the financial plan would have been promptly approved in the ordinary course—just like every other financial plan RFE/RL has submitted in recent years. But because of that unlawful termination, and potentially a broader unlawful adherence to Defendants' decision not to disburse appropriated funds, RFE/RL is now in jeopardy of entering the month of April without an approved financial plan in place.

This poses two problems. First, Defendants may be withholding approval of the financial plan as a way to continue effectuating their unlawful action of withholding from RFE/RL its congressionally appropriated funds. Second, the lack of an approved financial plan in place by April 1 will put RFE/RL's ongoing operations in imminent jeopardy: the grant agreement provides that "Expenditures by [RFE/RL] that are not consistent with the Approved Financial Plan or otherwise permitted by this Agreement shall be recovered by [RFE/RL] and promptly refunded to USAGM." RFE/RL is concerned that Defendants may attempt to invoke this provision to halt RFE/RL's operations and seek to recover disbursed funds if there is no approved financial plan in place by April 1.

Accordingly, RFE/RL has requested that Defendants approve RFE/RL's financial plan for the month of April by noon on March 31, 2025.[1] Defendants have not yet committed to doing so. Accordingly, absent confirmation by that time, RFE/RL respectfully requests that the Court enter a further temporary restraining order that allows RFE/RL to continue to operate without being required to "recover" and "promptly refund[] to USAGM" funds that are spent in April. Specifically, RFE/RL requests that Defendants be enjoined from attempting to "recover" or seek a "refund" of funds that RFE/RL expends to operate in April based on the absence of an approved financial plan, and that Defendants be enjoined from otherwise interfering with or impeding RFE/RL's operations based on the absence of an approved financial plan.[2]

---

[1] While RFE/RL believes its plan for the remainder of the financial year should be promptly approved, it specifically requested approval of at least the April 2025 portion of that plan by noon on March 31, 2025, so that at least the April portion of the plan would be approved before April 1, 2025.

[2] RFE/RL intends to promptly update the Court regarding whether Defendants have approved its financial plan by noon on March 31, 2025.

Further, unless Defendants end their continued withholding of RFE/RL's appropriated funds by resuming disbursement in the ordinary course, RFE/RL further requests that the Court grant the preliminary injunction. To be clear, RFE/RL is prepared to retract this request for preliminary injunctive relief if Defendants take the steps RFE/RL has outlined to them rendering such relief unnecessary.

*    *    *

Finally, RFE/RL briefly addresses Defendants' suggestion in their filing that this case is "moot" because they have rescinded the March 15 Letter. *See* Defs.' Resp. and Notice of Withdrawal of Grant Termination ("Notice of Withdrawal") ECF 15, at 1. Defendants continue to misapprehend the nature of RFE/RL's statutory and constitutional claims and the relief sought. In the recission letter, Defendants do not acknowledge their statutory obligations to provide RFE/RL its congressionally appropriated funds. *See id.* at 4. Indeed, Defendants expressly reserve USAGM's authority to terminate RFE/RL's grant, *id.*, despite never articulating any lawful grounds on which to do so. Accordingly, Defendants cannot carry their "heavy burden" to "prov[e] mootness." *Maldonado v. District of Columbia*, 61 F.4th 1004, 1006 (D.C. Cir. 2023) (citation omitted).

As a threshold matter, the case is not moot because there remains an "actual, ongoing controversy." *DL v. District of Columbia*, 187 F. Supp. 3d 1, 5 (D.D.C. 2016) (cleaned up). There is ongoing, unlawful conduct that should be enjoined. RFE/RL alleges that Defendants have violated statutory and constitutional duties by withholding congressionally appropriated funds, and RFE/RL seeks equitable relief compelling Defendants to do what the law requires. RFE/RL's motion for a preliminary injunction sought, among other things, to enjoin Defendants and their agents from "impounding, blocking, or otherwise interfering with the disbursement of appropriated

5

funds to" RFE/RL. ECF 6-6, at 2. RFE/RL also sought an order requiring USAGM to "restore disbursement of Plaintiff's congressionally appropriated funds to Plaintiff on a monthly basis pending final resolution of this lawsuit." *Id.*

In response, Defendants filed a notice withdrawing the March 15 letter terminating RFE/RL's grant. ECF 15. But the withdrawal of the March 15 letter was merely one of several of RFE/RL's requests for relief. RFE/RL also sought actual disbursement of its congressionally appropriated funds. While USAGM has agreed to provide the funds for March 15–31, it has refused to commit to providing the appropriated funds for the remainder of Fiscal Year 2025. Withdrawal of the termination letter means little to RFE/RL if USAGM continues to withhold RFE/RL's congressionally appropriated funds. Because USAGM refuses to commit to providing funds for the period beginning April 1, 2025, there remains an actual, ongoing controversy for this Court to resolve. This remains true even though the termination letter has been rescinded: even if "one aspect of a lawsuit becomes moot," that "does not automatically deprive a court of jurisdiction over remaining, live aspects of the case." *Zukerman v. United States Postal Serv.*, 961 F.3d 431, 443 (D.C. Cir. 2020) (citation omitted).

Moreover, the rescission of the termination letter does not even moot that aspect of the case. Instead, it falls squarely within the "voluntary cessation" exception to mootness. "[I]n the context of injunctive litigation … there is a difference between the controversy having gone away, and simply being in a restive stage. This difference gives rise to the concept of 'voluntary cessation.'" *True the Vote, Inc. v. IRS*, 831 F.3d 551, 561 (D.C. Cir. 2016). Voluntary cessation occurs when "the defendant actor is not committing the controversial conduct at the moment of the litigation, but the defendant is free to return to its old ways—thereby subjecting the plaintiff to the same harm but, at the same time, avoiding judicial review." *Id.* (cleaned up). To establish

mootness, a defendant that has voluntarily ceased the "controversial conduct" bears the burden of showing that "(1) there is no reasonable expectation that the conduct will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Id.* (quoting *Qassim v. Bush*, 466 F.3d 1073, 1075 (D.C. Cir. 2006)).  Defendants fail to carry their "heavy burden" here.  *Id.* (citation omitted).

*First*, even if Defendants could show that they have completely ceased their unlawful conduct, they have failed to show that "there is no reasonable expectation that the conduct will recur." *Id.*  To make such a showing, Defendants would have to demonstrate that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Pub. Citizen, Inc. v. FERC*, 92 F.4th 1124, 1128 (D.C. Cir. 2024).  Here, USAGM has expressly reserved its authority to terminate RFE/RL's grant in the future as "appropriate under the applicable law," without elaborating on what that means.  *See* ECF 15, at 4.  Defendants have also failed to provide sufficient assurances that they will not revert to withholding RFE/RL's congressionally appropriated funding.  Thus, Defendants' unilateral action does not make it "absolutely clear" that Defendants' wrongful conduct will not recur.  *See Hardaway v. D.C. Housing Auth.*, 843 F.3d 973, 979, 980 (D.C. Cir. 2016) ("a meager 'promise not to' revoke [a] voucher" does not demonstrate mootness through voluntary cessation); *True the Vote*, 831 F.3d at 562 (agency's language that the policy at issue was "suspended until further notice" could not satisfy the "reasonable expectation" element); *New York v. Trump*, 2025 WL 914788, at *9 (1st Cir. Mar. 26, 2025) (denying motion to stay preliminary injunction where district court determined that the Office of Management and Budget's ("OMB") rescission of federal funding freeze directive "was a clear effort to moot legal challenges" and that it was "unreasonable to conclude that the [d]efendants will not reinstate [the OMB Directive] absent an injunction").  This is especially the case where the voluntary cessation

occurs "following the entry of a TRO," as occurred here. *Costa v. Bazron*, 464 F. Supp. 3d 132, 141 (D.D.C. 2020).

*Second*, Defendants have not demonstrated that the rescission letter has "completely and irrevocably eradicated the effects of the alleged violation." *True the Vote*, 831 F.3d at 561 (citation omitted). To the contrary, as discussed above, Defendants are refusing to commit to disbursing RFE/RL's congressionally appropriated funds after April 1, 2025. Moreover, Defendants' attempted termination of RFE/RL's grant has delayed approval of RFE/RL's financial plan, placing RFE/RL in jeopardy of entering April without an approved financial plan in place. Accordingly, the rescission letter has not "completely and irrevocably eradicated the effects of the alleged violation." *True the Vote*, 831 F.3d at 561.

## CONCLUSION

For the foregoing reasons, RFE/RL's case is not moot, and RFE/RL remains at risk of irreparable harm caused by Defendants' unlawful actions. RFE/RL intends to promptly update the Court regarding whether Defendants have approved its financial plan by noon on March 31, 2025. In the absence of that approval, RFE/RL respectfully requests that Defendants be enjoined from attempting to "recover" or seek a "refund" of funds that RFE/RL expends to operate in April based on the absence of an approved financial plan, and that Defendants be enjoined from otherwise interfering with or impeding RFE/RL's operations based on the absence of an approved financial plan. Further, unless Defendants end their continued withholding of RFE/RL's appropriated funds by resuming disbursement in the ordinary course, RFE/RL further requests that the Court grant the preliminary injunction.

|  |  |
|---|---|
| March 28, 2025 | Respectfully submitted,<br><br>/s/ Marney L. Cheek<br>Marney L. Cheek (D.C. Bar No. 470596)<br>David M. Zionts (D.C. Bar No. 995170)<br>Thomas Brugato (D.C. Bar No. 1013523)<br>COVINGTON & BURLING LLP<br>850 Tenth Street NW<br>Washington, DC 20001-4956<br>(202) 662-6000<br>mcheek@cov.com<br>dzionts@cov.com<br>tbrugato@cov.com<br><br>*Attorneys for Plaintiff RFE/RL, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2025, I filed the foregoing document with the Clerk of Court for the United States District Court for the District of Columbia using the court's CM/ECF filing system, which will send notification of such filing via e-mail to all counsel of record.

                                            Respectfully submitted,

                                            <u>/s/ Marney L. Cheek</u>
                                            Marney L. Cheek (D.C. Bar No. 470596)
                                            COVINGTON & BURLING LLP
                                            850 Tenth Street NW
                                            Washington, DC 20001-4956
                                            (202) 662-6000
                                            mcheek@cov.com

                                            *Attorney for Plaintiff RFE/RL, Inc.*