UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RFE/RL, INC., <br><br> Plaintiff, <br><br> v. <br><br> KARI LAKE, in her official capacity, *et al.*, <br><br> Defendants. | No. 25-cv-00799-RCL |

**DEFENDANTS' NOTICE OF INTERVENING SUPREME COURT DECISION**

The United States Agency for Global Media ("USAGM" or the "Agency"), Kari Lake, in her official capacity as Senior Advisor to the Acting CEO of USAGM, and Victor Morales, in his official capacity as Acting CEO of USAGM (together, the "Defendants" or the "Government") respectfully provide notice of the intervening decision of the Supreme Court in *Department of Education v. California*, No. 24A910, 2015 WL 1008354 (Apr. 4, 2025) (per curiam). In *California*, the Supreme Court stayed a temporary restraining order that had "enjoin[ed] the Government from terminating various education-related grants." *Id.* at *1. The Supreme Court held that the government was "likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA," reasoning that "the Tucker Act grants the Court of Federal Claims jurisdiction over suits based on 'any express or implied contract with the United States.'" *Id.* at *1–2 (quoting 28 U. S. C. §1491(a)(1)). The same jurisdictional bar equally applies to the claims in this case, which are based on USAGM's grant agreement with RFE/RL.

Accordingly, to the extent the Court determines that the pending motion for preliminary injunction is not moot, it should deny that motion for lack of jurisdiction for the same reasons the Supreme Court stayed the temporary restraining order at issue in *California*.

# ARGUMENT

The Supreme Court's analysis in *California* makes clear that Plaintiff cannot show a likelihood of success on the merits of its claims because the District Court lacks jurisdiction over those claims.

Defendants have raised this jurisdictional bar in their opposition to Plaintiff's motion for a temporary restraining order ("TRO"). *See* ECF No. 9, at 6–11. The Court did not address that argument in granting Plaintiff's TRO motion, ECF No. 14, but the intervening decision by the Supreme Court now confirms that such claims cannot be heard in the District Court.

The Supreme Court explained:

> The APA's waiver of sovereign immunity does not apply "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. Nor does the waiver apply to claims seeking "money damages." *Ibid*. True, a district court's jurisdiction is "not barred by the possibility" that an order setting aside an agency's action may result in the disbursement of funds. *Bowen v. Massachusetts*, 487 U.S. 879, 910 (1988). But, as we have recognized, the APA's limited waiver of immunity does not extend to orders "to enforce a contractual obligation to pay money" along the lines of what the District Court ordered here. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002). Instead, the Tucker Act grants the Court of Federal Claims jurisdiction over suits based on "any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1).

*California*, 2015 WL 1008354 at *1. *See also U.S. Conf. of Catholic Bishops v. U.S. Dep't of State*, No. 1:25-CV-00465, 2025 WL 763738 at *4 (D.D.C. Mar. 11, 2025) (explaining that the D.C. Circuit has long "interpreted the Tucker Act as providing the *exclusive* remedy for contract claims against the government" (quoting *Transohio Sav. Bank v. Dir. Off. Of Thrift Supervision*, 967 F.2d 598, 609 (D.C. Cir. 1992))).

Moreover, the Supreme Court's decision indicates that the balance of harms favors the Defendants in this case rather than Plaintiff. *Id*. ("[R]espondents have not refuted the Government's representation that it is unlikely to recover the grant funds once they are

disbursed."). As here, "[n]o grantee promised to return withdrawn funds should its grant termination be reinstated,' and the District Court declined to impose bond." *Id*. (internal quotations omitted); *see* ECF No. 9, at 21 (Defendants explaining that the balance of equities weighs against preliminary relief).

Dated: April 7, 2025                    Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch


/s/ *Abigail Stout*
ABIGAIL STOUT
(DC Bar No. 90009415)
*Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov

/s/ *Julia A. Heiman*
JULIA A. HEIMAN (D.C. Bar No. 986228)
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, DC 20005
Tel. (202) 616-8480 / Fax (202) 616-8470
julia.heiman@usdoj.gov

*Attorneys for Defendants*