UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RFE/RL, INC., <br><br> Plaintiff, <br><br> v. <br><br> KARI LAKE, in her official capacity, *et al.*, <br><br> Defendants. | No. 25-cv-00799-RCL |

**DEFENDANTS' MOTION TO DISSOLVE THE TEMPORARY RESTRAINING ORDER**

On April 8, 2025, after a status conference, this Court *sua sponte* extended the March 25, 2025, Temporary Restraining Order ("TRO"). The March 25 TRO required that "defendants and their agents take no steps and impose no obligations relating to closing out the plaintiff's grant." ECF No. 14 at 9. No party asked for an extension of the TRO. And, indeed, its operative language had already been mooted by the agency's rescission of the March 15, 2025, termination letter. In its brief Order extending the TRO, the Court noted that a new grant agreement would be presented to Plaintiff in the coming days, and this would "affect the posture of the case and could impact the type of relief available to the parties." ECF No. 22 at 2. But the Court did not explain why a new grant agreement would affect close out obligations related to the now-rescinded March 15 grant termination letter. And it offered little analysis as to why this would affect the mootness of the existing TRO. *See id.* at 1 n.1. Moreover, the Court gave no explanation for how this Court still has jurisdiction over the case in light of the Supreme Court's decision in *Department of Education v. California*, No. 24A910, 2025 WL 1008354 (Apr. 4, 2025) (per curiam).

Accordingly, the United States Agency for Global Media ("USAGM" or the "Agency"), Kari Lake, in her official capacity as Senior Advisor to the Acting CEO of USAGM, and Victor

Morales, in his official capacity as Acting CEO of USAGM (together, the "Defendants" or the "Government") respectfully move to dissolve the March 25 TRO (ECF No. 14). Defendants also respectfully request an immediate stay of the TRO pending a ruling on this motion. *See* Order, *New York v. Trump*, Case No. 1:25-cv-00039 (D.R.I. April 7, 2025) (temporarily staying enforcement of an order pending a ruling on defendants' *California*-based motion for reconsideration). Pursuant to Local Civil Rule 7(m), counsel for Defendants have conferred with counsel for Plaintiff, who represent that Plaintiff opposes the relief requested.

## BACKGROUND

On March 14, 2025, President Trump issued Executive Order 14238, which directed that USAGM's "non-statutory components and functions" be eliminated and that its "performance of [its] statutory functions and associated personnel" be reduced to "the minimum presence and function required by law." Exec. Order No. 14238, 90 Fed. Reg. 13043 (Mar. 14, 2025). On March 15, USAGM sent a letter to Plaintiff, a USAGM grantee, terminating Plaintiff's grant. In response, Plaintiff moved for a TRO on March 19, seeking immediate disbursement of $7,464,559 in funds for the period of March 1–14, 2025 and an order enjoining implementation of the termination letter.[1] *See* ECF No. 6. After a hearing on March 24, the Court entered the March 25 TRO. The Court concluded that Plaintiff was likely to succeed on the merits of the APA claim and that the explanation offered in the March 15 termination letter was "arbitrary and capricious." ECF No. 14 at 6. It also concluded that the other TRO factors were met and ultimately ordered that "the defendants and their agents take no steps and impose no obligations relating to closing out the plaintiff's grant." *Id.* at 9.

---

[1] USAGM disbursed the funds amounting to $7,464,559. *See* ECF No. 13.

2

A day later, on March 26, USAGM withdrew the termination of Plaintiff's grant—meaning that Plaintiff's grant is "back into effect." ECF No. 15 at 1. Defendants argued that the Court should deny Plaintiff's motion for preliminary injunction as moot and that, "[a]t a minimum, in light of the reinstatement of Plaintiff's grant, there is certainly no ongoing 'certain and great' irreparable harm that could justify injunctive relief." *Id.* (quoting *Wis. Gas Co. v. Fed. Energy Regul. Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985)).

## ARGUMENT

The Court should dissolve the TRO because (1) it lacks jurisdiction over this case and (2) the TRO is moot.

### I.     The Court should dissolve the TRO because it lacks jurisdiction over this case.

The Supreme Court's analysis in *California* makes clear that the March 25 TRO should be dissolved. Simply put, Court lacks jurisdiction to adjudicate or enforce USAGM grants. Any claim based on "an express or implied contract with the United States" must be brought in the Court of Federal Claims. 28 U.S.C. § 1491(a)(1). In *California*, the Supreme Court stayed a temporary restraining order that had "enjoin[ed] the Government from terminating various education-related grants." 2025 WL 1008354 at *1. The Supreme Court held that the government was "likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA," reasoning that "the Tucker Act grants the Court of Federal Claims jurisdiction over suits based on 'any express or implied contract with the United States.'" *Id.* at *1–2 (quoting 28 U. S. C. §1491(a)(1)). The same jurisdictional bar equally applies to the claims in this case, which are based on USAGM's grant agreement with Plaintiff. *See* ECF No. 6-1 at 16 (discussing "RFE/RL's request to set aside the unlawful termination of its grant agreement"); *id.* at 24–25 (arguing that USAGM did not adequately explain its termination of the grant agreement).

3

Defendants have raised this jurisdictional bar in their opposition to Plaintiff's motion for a TRO. *See* ECF No. 9, at 6–11. The Court did not address that argument in granting Plaintiff's TRO motion, ECF No. 14, but the intervening decision by the Supreme Court now confirms that such claims cannot be heard in the District Court.

The Supreme Court explained:

> The APA's waiver of sovereign immunity does not apply "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. Nor does the waiver apply to claims seeking "money damages." *Ibid*. True, a district court's jurisdiction is "not barred by the possibility" that an order setting aside an agency's action may result in the disbursement of funds. *Bowen v. Massachusetts*, 487 U.S. 879, 910 (1988). But, as we have recognized, the APA's limited waiver of immunity does not extend to orders "to enforce a contractual obligation to pay money" along the lines of what the District Court ordered here. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002). Instead, the Tucker Act grants the Court of Federal Claims jurisdiction over suits based on "any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1).

*California*, 2015 WL 1008354 at *1. *See also U.S. Conf. of Catholic Bishops v. U.S. Dep't of State*, No. 1:25-CV-00465, 2025 WL 763738 at *4 (D.D.C. Mar. 11, 2025) (explaining that the D.C. Circuit has long "interpreted the Tucker Act as providing the *exclusive* remedy for contract claims against the government" (quoting *Transohio Sav. Bank v. Dir. Off. Of Thrift Supervision*, 967 F.2d 598, 609 (D.C. Cir. 1992))).[2]

Accordingly, the Court should dissolve the TRO because this case is, in essence, based on "an express or implied contract"—RFE's grant with USAGM. More specifically, RFE brought

---

[2] In addition to concluding that the defendants were likely to succeed on their Tucker Act arguments, the Supreme Court's decision indicates that the balance of harms favors Defendants in this case rather than Plaintiff. *See California*, 2015 WL 1008354 at *1 ("[R]espondents have not refuted the Government's representation that it is unlikely to recover the grant funds once they are disbursed."). As here, "[n]o grantee promised to return withdrawn funds should its grant termination be reinstated,' and the District Court declined to impose bond." *Id*. (internal quotations omitted).

suit—and is continuing to pursue its suit—based on its purported entitlement to funds under the contract, and the relief it seeks is the payment of funds it states it is entitled to under that contractual agreement. *See* Compl., ECF No. 1, at 21–22. Like the education grants at issue in *California*, this grant dispute should be resolved in the Court of Federal Claims. The Court should dissolve the March 25 TRO for lack of jurisdiction for the same reasons the Supreme Court stayed the temporary restraining order at issue in *California*.

**II.     The Court should dissolve the TRO because the TRO is moot.**

The Court's March 25 TRO is limited: It orders only that "the defendants and their agents take no steps and impose no obligations relating to closing out the plaintiff's grant." ECF No. 14 at 9. The TRO was entered when the termination letter was still in place and is connected to the obligations relating to closing out Plaintiff's grant.[3] Indeed, the March 15 termination letter is the centerpiece of the TRO and the Court's TRO analysis. When initially granting the TRO on March 25, 2025, the Court concluded that Plaintiff was likely to succeed on the merits of its APA claim because Plaintiff "ha[d] identified a final action by USAGM"—the termination letter—and "has shown . . . that in taking this action, the defendants have acted arbitrarily and capriciously." *Id.* at 6. And the termination letter was central to the Court's irreparable harm analysis. *See id.* at 7 ("In order to abide by the terms of the termination letter, RFE/RL would have to immediately halt all use of appropriated funds insofar as those funds are used to satisfy 'financial obligations incurred under the Federal award.'" (quoting 2 C.F.R. § 200.344(c))). Setting aside the merits of the TRO,[4]

---

[3] The TRO was entered on March 25, 2025, and USAGM rescinded the termination letter on March 26, 2025.

[4] Defendants still maintain the arguments presented in their opposition to the TRO, including that Plaintiff failed to show irreparable harm connected with any close out obligations. *See* ECF No. 9.

5

it is undisputed that the grant termination letter has been rescinded, and the grant is "back into effect." ECF No. 15 at 1. Without a terminated grant, there are no close out obligations for Plaintiff to undertake. Put simply, the thing that the TRO sought to enjoin is no longer in effect or an issue in this case. *See, e.g.*, *Am. Fed'n of Gov't Emps., AFL-CIO v. United States*, 330 F.3d 513, 518 (D.C. Cir. 2003) (concluding that a claim of relief connected to a particular fiscal year was moot where that fiscal year had passed). Accordingly, the TRO has been mooted out by subsequent events.

In its Order extending the TRO, the Court noted Defendants' position on mootness in a footnote, but went on to cite Plaintiff's previously-stated concerns that "neither the rescission letter nor the short filing that accompanied it makes any mention of moving forward with timely disbursing RFE/RL's funds as the law requires, nor does it provide confirmation that there is no legal impediment to RFE/RL using those funds." *Id.* at 1 n.1 (quoting ECF No. 18 at 2). But those funds have been paid out, *see* ECF No. 13, and there is no dispute at this time that Plaintiff is able to use them. Accordingly, for the reasons explained above, the TRO is moot in its entirety.

## CONCLUSION

The Court should dissolve the TRO for two independently sufficient reasons. As a threshold matter, this Court lacks jurisdiction. But even setting that aside, extending a TRO that is moot *sua sponte* is improper. This Court should dissolve the TRO.

Dated: April 10, 2025                    Respectfully submitted,

                                         YAAKOV M. ROTH
                                         Acting Assistant Attorney General

                                         ERIC J. HAMILTON
                                         Deputy Assistant Attorney General

6

        Civil Division, Federal Programs Branch

        JOSEPH E. BORSON
        Assistant Branch Director
        Federal Programs Branch


        /s/ *Abigail Stout*
        ABIGAIL STOUT
        (DC Bar No. 90009415)
        *Counsel*
        U.S. Department of Justice
        Civil Division
        950 Pennsylvania Avenue, NW
        Washington, DC 20530
        Telephone: (202) 514-2000
        Email: Abigail.Stout@usdoj.gov

        */s/ Julia A. Heiman*
        JULIA A. HEIMAN (D.C. Bar No. 986228)
        Federal Programs Branch
        U.S. Department of Justice, Civil Division
        1100 L Street, N.W.
        Washington, DC  20005
        Tel. (202) 616-8480 / Fax (202) 616-8470
        julia.heiman@usdoj.gov

        *Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RFE/RL, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>KARI LAKE, in her official capacity, *et al.*,<br><br>    Defendants. | No. 25-cv-00799-RCL |

### **[PROPOSED] ORDER**

Upon consideration of Defendants' Motion to Dissolve the Temporary Restraining Order, ECF No. 14, Plaintiff's opposition thereto, and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED; it is further

ORDERED that the previously entered Temporary Restraining Order, ECF No. 14, is dissolved.

SO ORDERED:

_____                    _____
Date                                                              ROYCE C. LAMBERTH
                                                                        United States District Judge

8