UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RFE/RL, INC.,<br><br>     *Plaintiff*,<br><br>v.<br><br>KARI LAKE, in her official capacity as Senior Advisor to the Acting CEO of the United States Agency for Global Media;<br><br>VICTOR MORALES, in his official capacity as acting Chief Executive Officer of the United States Agency for Global Media; and<br><br>UNITED STATES AGENCY FOR GLOBAL MEDIA,<br><br>     *Defendants*. | Case No. 1:25-cv-799-RCL |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
DISSOLVE THE TEMPORARY RESTRAINING ORDER**

  Defendants' motion to dissolve this Court's temporary restraining order should be denied, for three reasons.

  ***1. Defendants' Motion Should Soon Become Moot.***  As a threshold matter, there should be no need to decide Defendants' motion, because RFE/RL has moved for a new temporary restraining order ("TRO") necessitated by Defendants' latest actions.  *See* ECF 28.  The Court should grant RFE/RL's motion and enter the new TRO it requests, and in doing so supersede the Court's prior TRO.  At that time, Defendants' motion can be dismissed as moot.

  ***2. The Court Has Jurisdiction.***  As the principal ground for their motion, Defendants rehash their argument that this Court lacks jurisdiction.  But for the reasons RFE/RL explained in its April 8, 2025, filing, the Supreme Court's *per curiam* order in *Department of Education v.*

*California*, 604 U.S. __, 2025 WL 1008354 (Apr. 4, 2025) does not deprive this Court of jurisdiction. ECF 21. Defendants simply repeat their conclusory assertions that *California* governs, without even attempting to engage with RFE/RL's arguments. For the reasons RFE/RL has previously given, *California* does not govern here.

Further, in light of Defendants' recent actions, it is especially clear that *California* has nothing to do with this case. Defendants say that *California* governs because RFE/RL's action is purportedly "based on USAGM's grant agreement with Plaintiff." ECF 29 at 3. But Defendants now take the position that they are withholding RFE/RL's funds because *there is no grant agreement* until RFE/RL agrees to a host of unlawful and unreasonable conditions. *See* ECF 28-1 at 2–3; ECF 28-2. RFE/RL's claim is that RFE/RL has a statutory right to Congressionally appropriated funds that the law says "shall be available" to it through a *bona fide* grant agreement that does not include unlawful and unreasonable conditions. ECF 28-1 at 6, 9. In short, RFE/RL's case has always been an attempt to enforce statutory and constitutional rights, not a contract. Now that Defendants are refusing even to enter into a lawful and reasonable grant agreement, it is inconceivable how they can maintain that RFE/RL is simply asking this Court to enforce a contract where they say none exists.

***3. The Court's TRO Should Not Be Dissolved.*** Defendants also argue that this Court's TRO is moot because Defendants rescinded the March 15 grant termination letter. ECF 29 at 3. Notwithstanding the rescission of the termination letter, Defendants reserved "USAGM's authority to terminate the grant at a later date." ECF 15 at 4. As a result, this Court's order that "defendants and their agents take no steps and impose no obligations relating to closing out the plaintiff's grant" remains an important protection for RFE/RL. ECF 9. *See Antietam Battlefield KOA v. Hogan*, 461 F. Supp. 3d 214, 228 (D. Md. 2020) (because "[t]he Governor could amend

the executive order again . . . voluntary cessation does not moot the motion for a temporary restraining order"). At a minimum, leaving the TRO in place is harmless to Defendants because Defendants have represented that "there are no close out obligations for Plaintiff to undertake" and there is "no dispute at this time that Plaintiff is able to use" the funds it has received. ECF 29 at 6.

For these reasons, the Court should deny Defendants' Motion to Dissolve the Temporary Restraining Order.

April 11, 2025                                                          Respectfully submitted,

/s/ *Marney L. Cheek*
Marney L. Cheek (D.C. Bar No. 470596)
David M. Zionts (D.C. Bar No. 995170)
Thomas Brugato (D.C. Bar No. 1013523)
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000
mcheek@cov.com
dzionts@cov.com
tbrugato@cov.com

*Attorneys for Plaintiff RFE/RL, Inc.*

3

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2025, I filed the foregoing document with the Clerk of Court for the United States District Court for the District of Columbia using the court's CM/ECF filing system, which will send notification of such filing via e-mail to all counsel of record.

Respectfully submitted,

/s/ *Marney L. Cheek*
Marney L. Cheek (D.C. Bar No. 470596)
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000
mcheek@cov.com

*Attorney for Plaintiff RFE/RL, Inc.*