UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RFE/RL, INC.,<br><br>               Plaintiff,<br><br>v.<br><br>KARI LAKE, in her official capacity, *et al.*,<br><br>               Defendants. | No. 25-cv-00799-RCL |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISSOLVE THE TEMPORARY RESTRAINING ORDER**

The United States Agency for Global Media ("USAGM" or the "Agency"), Kari Lake, in her official capacity as Senior Advisor to the Acting CEO of USAGM, and Victor Morales, in his official capacity as Acting CEO of USAGM (together, the "Defendants" or the "Government") respectfully submit this reply in support of their motion, ECF No. 29, to dissolve the March 25, 2025, TRO ("TRO"), and for an immediate stay of the TRO pending a ruling on their motion. In their motion, Defendants explained that: 1) the TRO should be dissolved as moot, and 2) the Supreme Court's decision in *Dep't of Education v. California*, No. 24A910, 2015 WL 1008354 (Apr. 4, 2025) (per curiam), made clear that the Plaintiff cannot show a likelihood success on its claims because this Court lacks jurisdiction over this action. *See* ECF No. 29.

    1.  With respect to mootness,[1] Plaintiff contends that it continues to require the sole remaining operative portion of the TRO, *see* ECF No. 31 at 2–3, which orders that "the defendants

---

[1] Plaintiff also argues that the Court should not rule on Defendants' Motion because the TRO would "soon become moot," if the Court were to issue the new TRO that Plaintiff seeks in its April 9, 2025, motion. *See* ECF No. 31 at 1. For the reasons set forth in Defendants'

and their agents take no steps and impose no obligations relating to closing out the plaintiff's grant." ECF No. 14 at 9.  This position ignores that Defendants are making an effort to enter into a new agreement with Plaintiff, rather than close out any prior contract.  *See* Pl.'s Mem. in Support of its Mot. for a Further TRO, ECF No. 28-1 at 1 (discussing that Defendants have sent Plaintiff a new proposed grant agreement).  Defendants understand that Plaintiff objects to certain new proposed terms, *see id.*, but Plaintiff is able to submit a counterproposal if it so chooses.  Against this backdrop—when Defendants are actively seeking to enter into a new agreement with the Plaintiff—there is no indication that the TRO is at all necessary at this point.  Where a TRO is not necessary to prevent imminent, irreparable harm, then that TRO no longer satisfies the minimum elements required to maintain such extraordinary relief.

    2.  As to the Court's jurisdiction, Plaintiff largely relies on the arguments put forward in its April 8, 2025, submission, *see* ECF No. 31 at 1–2, wherein Plaintiff asserted that this case is distinguishable from *California* "because RFE/RL sues to enforce rights that are statutory and constitutional, not contractual." ECF No. 21 at 4.  Yet this asserted distinction is no difference at all.  In fact, at the district court level in *California*, the plaintiffs advanced—and the district court accepted—arguments that mirror Plaintiff's contentions here.  The district court in that case held that the plaintiff States had "sufficiently shown that the dispute does not hinge on the terms of a contract between the parties, but rather 'federal statute and regulations put in place by Congress and the [Department of Education].'" *California v. U.S. Dep't of Educ.*, No. CV 25-10548-MJJ, 2025 WL 760825, at *1 (D. Mass. Mar. 10, 2025), *appeal docketed* No. 25-1244 (1st Cir. Mar. 12, 2025).  The district court reasoned that "the 'essence' of the action was not contractual in nature

---

opposition, *see* ECF No. 32, including that the Court lacks jurisdiction over this action, the Court should decline to enter the requested new TRO.

since the source of the plaintiffs' rights was in federal statute and regulations and because the relief was injunctive in nature." *Id.* (quoting *Massachusetts v. Nat'l Institutes of Health*, No. 25-cv-10338, 2025 WL 702163 (D. Mass. Mar. 5, 2025), *appeal docketed* No. 25-1344 (1st Cir. Apr. 9, 2025)). Yet, notwithstanding that framing by the plaintiffs in that case, the Supreme Court still concluded that the case was fundamentally about government contracts, *i.e.* the plaintiffs' grants.

Plaintiff also asserts that, even if the Supreme Court's analysis in *California* precluded Plaintiff's APA claims from being heard in this Court, the Tucker Act would not divest the Court of jurisdiction over Plaintiff's constitutional claims. *See* ECF No. 21 at 4. Plaintiff is mistaken. The D.C. Circuit has made clear that, when the true heart of the matter is a government contract, the action belongs before the Court of Federal Claims, even if constitutional claims comprise part of the action. *See Ingersoll-Rand Co. v. United States*, 780 F.2d 74, 78 (D.C. Cir. 1985) (quoting *J.C. Products, Inc. v. United States,* 608 F.Supp. 92, 94 (W.D. Mich. 1984), as having held that "where plaintiff was awarded [a] contract and government terminated for convenience, cause of action is on the contract despite plaintiff's allegations of statutory *and constitutional* violations") (emphasis added). That is especially so where, as here, the constitutional violations alleged all, in reality, hinge on Plaintiff's allegations that the Defendants have violated federal statutes. *See* Defs' Opp'n to Pl's Mot. for a Temporary Restraining Order, ECF No. 9 at 15–16 (enumerating each of the asserted constitutional claims and demonstrating that they are fundamentally statutory).

Finally, Plaintiff asserts that this case cannot be about a contract because Defendants have taken the position that there is no contract currently in place. ECF 31 at 2. But the Temporary Restraining Order that is the subject of Defendants' motion is squarely about the termination of a prior contract. *See* ECF No. 14 at 9 (ordering **"**that the defendants and their agents take no steps and impose no obligations relating to closing out *the plaintiff's grant*") (emphasis added). And in

3

its recently filed motion for an additional temporary restraining order, Plaintiff essentially asks the Court to extend that same contract. *See* Proposed Order, ECF No. 28-6 (seeking an order that USAGM immediately pay Plaintiff $12,178,590, "under the same terms and conditions that were previously in effect and governed the funds disbursed in March 2025"). Notably, Plaintiff does not seek relief ordering the negotiation of a new contract, *see id.*; rather, it seeks a continuation of the old one, without alternation. This request—for payment of funds to which Plaintiff would be entitled under the now-expired grant agreement—is further evidence that, as in *California*, this case is fundamentally about a government contract and can proceed only before the Court of Federal Claims.

For all these reasons and the reasons explained in their Motion, *see* ECF No. 29, Defendants respectfully request that the Court dissolve the March 25, 2025 TRO.

.

Dated: April 13, 2025                                   Respectfully submitted,


                                                        YAAKOV M. ROTH
                                                        Acting Assistant Attorney General

                                                        ERIC J. HAMILTON
                                                        Deputy Assistant Attorney General
                                                        Civil Division, Federal Programs Branch

                                                        JOSEPH E. BORSON
                                                        Assistant Branch Director
                                                        Federal Programs Branch


                                                        ABIGAIL STOUT
                                                        (DC Bar No. 90009415)
                                                        *Counsel*
                                                        U.S. Department of Justice
                                                        Civil Division

/s/ Julia A. Heiman
JULIA A. HEIMAN (D.C. Bar No. 986228)
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, DC  20005
Tel. (202) 616-8480 / Fax (202) 616-8470
julia.heiman@usdoj.gov

*Attorneys for Defendants*