## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

RFE/RL, INC.,

                  *Plaintiff*,

v.

KARI LAKE, in her official capacity as Senior Advisor to the Acting CEO of the United States Agency for Global Media;

VICTOR MORALES, in his official capacity as acting Chief Executive Officer of the United States Agency for Global Media; and

UNITED STATES AGENCY FOR GLOBAL MEDIA,

                  *Defendants*.

Case No. 1:25-cv-799-RCL

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A FURTHER TEMPORARY RESTRAINING ORDER

**TABLE OF CONTENTS**

INTRODUCTION.................................................................................................................. 1

FACTUAL BACKGROUND ................................................................................................ 3

PROCEDURAL BACKGROUND ....................................................................................... 5

ARGUMENT ......................................................................................................................... 7

CONCLUSION ................................................................................................................... 10

CERTIFICATE OF SERVICE ......................................................................................... 12

# INTRODUCTION

Defendants are again trying to run out the clock on RFE/RL's grant agreement, and thus its congressionally appropriated funding, and thus its continued existence. "This course of action upends the longstanding relationship between the parties and disregards RFE/RL's significant reliance interests, sounding the death knell for RFE/RL—a 75-year-old, statutorily created, congressionally funded entity." Mem. Op. 15, ECF 48. All that USAGM has done since this Court's April 29, 2025 TRO is send RFE/RL different iterations of the same email—punctuated by multiple days of silence—failing to engage with RFE/RL's substantive objections to the agency's proposed grant terms and asking RFE/RL to resend "redlines" with RFE/RL's edits to the Master Grant Agreement. RFE/RL has now provided the requested "redline" of the grant agreement to USAGM several times and has explained, in detail, why certain conditions are unlawful and improper. USAGM's responses have been some combination of delay, reject, and ask for the same thing again.

In the meantime, USAGM's withholding of RFE/RL's congressionally appropriated funding continues to have a real-world impact on RFE/RL. USAGM's disbursement of April funding pursuant to the Court's April 29, 2025 order extended RFE/RL a lifeline for a few weeks. But absent action from this Court on RFE/RL's May funding, RFE/RL faces the same prospect of missed payments on leases, furloughing of employees, and imminent closure in June as it did just a few weeks ago.

Defendants are not participating in good-faith negotiations on the Fiscal Year 2025 Master Grant Agreement—that much is clear. USAGM's refusal to enter into a May "extender" grant agreement and disburse RFE/RL's funds is also clear. As with April, RFE/RL asked USAGM to

1

enter into a one-month extender agreement for May.  As with April, USAGM ignored the request.  As with April, RFE/RL followed up, expressed its understanding that USAGM had refused the request, and asked USAGM if that understanding was mistaken.  As with April, USAGM again did not deny that it had refused the request.  And as with April, May is coming to a close without RFE/RL receiving the congressionally appropriated funds that it would customarily receive at the *beginning* of the month.

While RFE/RL's motion for a preliminary injunction is pending, RFE/RL respectfully asks the Court to grant a further temporary restraining order for May.  Every single reason this Court gave for granting relief in April applies equally now.  And time is of the essence: as a result of Defendants' appeal strategy, which they will presumably try again, RFE/RL did not receive its April funding until May 13—two weeks after this Court's order to disburse the April funds.  Absent further relief from this Court soon, USAGM may succeed in "negotiating" RFE/RL out of existence.  That would be an affront to Congress and the rule of law, and a sad outcome for the hundreds of brave journalists carrying out RFE/RL's mission.

                                        *        *        *

Given that this case is now in essentially the same posture as it was a month ago, and that the reasoning of this Court's order of April 29, 2025 applies directly to all aspects of this motion, RFE/RL respectfully suggests that the Court can grant a further TRO on the papers without holding a hearing.[1]  Alternatively, RFE/RL respectfully requests a prompt hearing in light of the urgency

---

[1] RFE/RL has attached a proposed order that is materially identical to the order the Court entered on April 29, 2025.

of the situation and the time it took for RFE/RL to receive its funding following this Court's April order.

## FACTUAL BACKGROUND

Given the Court's familiarity with the issues presented in this case, RFE/RL summarizes developments only since April 28, 2025, the day of the preliminary injunction hearing.

On April 28, a few hours before the hearing, USAGM contacted RFE/RL to "see if [it] ha[d] some time tomorrow to sit down and go over redline edits." Third Declaration of Joseph Lataille ("Third Lataille Decl."), Ex. 1 at 3. At the preliminary injunction hearing, counsel for RFE/RL notified the Court of the email and explained that USAGM had not "respond[ed] to the concerns that [RFE/RL] ha[s] raised repeatedly for weeks now over the grant" and that there was "no meaningful change to the situation." Apr. 28, 2025 Hr'g Tr. 2:22–24, ECF 47.

On April 29, RFE/RL responded to USAGM, stating its understanding that USAGM had rejected RFE/RL's proposed changes to the FY 2025 Master Grant Agreement. Third Lataille Decl. Ex. 1 at 2–3. RFE/RL expressed its willingness to meet with USAGM, and asked that, in advance of such a meeting, USAGM share a written explanation for the new terms and conditions in the FY 2025 Master Grant Agreement. *Id.*

On April 30, RFE/RL requested its May funding from USAGM. Third Lataille Decl. ¶ 5. USAGM did not respond to this request. *Id.*

As required by this Court's TRO, USAGM entered into an "extender" April grant agreement with RFE/RL on May 1. Third Lataille Decl. ¶ 6.

Beginning on April 29, USAGM went silent for a week regarding the FY 2025 Master Grant Agreement. On May 6, USAGM emailed RFE/RL. Third Lataille Decl. Ex. 1 at 1–2.

3

USAGM attached the FY 2025 Master Grant Agreement and asked RFE/RL to "provide specific redline edits," *id.* at 2, even though USAGM had already asked for and been provided these redline edits, *see* Second Declaration of Joseph Lataille ¶ 3, ECF 41-5.  USAGM provided several times it was available to meet.  Third Lataille Decl. ¶ 7.  As with its previous emails, USAGM did not include any explanation for the objectionable terms and conditions.  *Id.*

RFE/RL responded that same day—May 6—with a second redline flagging the terms that RFE/RL had previously explained were unlawful, unreasonable and unworkable.  *Id.* ¶ 8.  RFE/RL agreed to meet at the time that USAGM had proposed for May 9.  *Id.*  RFE/RL again requested a written explanation of the new terms and conditions in the FY 2025 Master Grant Agreement before the meeting.  *Id.*  USAGM sent an Outlook calendar invitation for May 9 but did not provide any other response to RFE/RL's email.  *Id.*

USAGM subsequently cancelled the Outlook calendar invitation, and thus the scheduled meeting, without explanation.  *Id.*  On May 9, RFE/RL followed up to see if USAGM was planning to provide an explanation of the new terms and conditions and attached, for the third time, a redline of the Master Grant Agreement.  Third Lataille Decl. Ex. 3 at 3–4.

USAGM did not respond until May 14—USAGM's first communication about the FY 2025 Master Grant Agreement in eight days.  Third Lataille Decl. Ex. 3 at 3.  USAGM again provided no explanation for the objectionable terms and conditions and instead asserted that RFE/RL's edits "removed all meaningful reforms and substantive changes" such that USAGM would not "actually consider" them.  *Id.*  USAGM asked RFE/RL to "take another attempt and provide edits that allow for transparency and accountability."  *Id.*  RFE/RL answered later that day, explaining that RFE/RL's past grant agreements, as well as the finalized February version of

4

the FY 2025 Master Grant Agreement, already included extensive transparency and accountability measures. *Id.* at 1–2. RFE/RL also explained why the new terms and conditions did not promote transparency but instead asserted improper control over RFE/RL. *Id.* at 2.

In the same email, given the passage of time, RFE/RL requested that USAGM enter into another "extender" grant agreement for May 2025 by May 16 and disburse RFE/RL's congressionally appropriated funds for May 2025 by May 19. *Id.* On May 16, having received no response from USAGM, RFE/RL followed up to reiterate its "urgent need" for May funds and to confirm its understanding that USAGM has refused RFE/RL's request for a mini-agreement. *Id.* at 1. In that response, USAGM responded with another request for redline edits to the revised master grant agreement. *Id.* USAGM again did not say anything about RFE/RL's request for an extender grant agreement covering May, and it did not tell RFE/RL that it was mistaken in understanding the agency to have denied that request. *Id.*

## PROCEDURAL BACKGROUND

On April 29, this Court issued a temporary restraining order ("April TRO"), which ordered Defendants to immediately enter into a grant agreement with RFE/RL covering April 2025 and to immediately disburse RFE/RL's April funding in the amount of $12,178,590. Mem. Op., ECF 48. Two days later, on May 1, Defendants appealed the April TRO. Notice of Appeal, No. 25-5158, Doc. #2113824 (D.C. Cir. filed May 1, 2025). Defendants also moved the D.C. Circuit for an administrative stay and a stay pending appeal. No. 25-5158, Doc. #2113854 (D.C. Cir. filed May 1, 2025). The D.C. Circuit entered an administrative stay that evening. No. 25-5158, Doc. #2113919 (D.C. Cir. May 1, 2025).

5

On May 7, a divided panel of the D.C. Circuit stayed the TRO. No. 25-5158, Doc. #2114775 (D.C. Cir. May 7, 2025) (per curiam). In her dissent, Judge Pillard agreed with the April TRO, finding that this Court's "justification was clear and amply supported the … grant of incremental and limited relief." No. 25-5158, Doc. #2114775, at 11 (Pillard, J., dissenting). In Judge Pillard's view, "[t]he court was not required to stand by and allow the government to continue to withhold the appropriated funds 'until the [Network] is forced out of existence.'" *Id.* (quoting Mem. Op. 13 n.5). Later that same day, the *en banc* D.C. Circuit administratively stayed the panel's stay order "pending further order of the court"—meaning that this Court's April TRO commanding disbursement of the April funds was back in effect. No. 25-5158, Doc. #2114884, at 3 (D.C. Cir. May 7, 2025) (en banc) (per curiam).[2] Writing separately, Judge Pillard recognized that "[t]he administrative stay has the consequence of requiring the government to distribute [RFE/RL's] past-due funding to prevent [its] imminent collapse while [the *en banc* Court] consider[s] the government's jurisdictional argument." No. 25-5158, Doc. #2115063, at 4 (D.C. Cir. May 9, 2025) (statement of Pillard, J., concurring in the *en banc* Court's May 7, 2025 order). RFE/RL's *en banc* petition remains pending.[3]

On May 13, RFE/RL received its disbursement of April funds—nearly six weeks after RFE/RL would have received these funds in the ordinary course. Third Lataille Decl. ¶ 9.

---

[2] On May 4, RFE/RL petitioned the D.C. Circuit for *en banc* consideration of Defendants' stay motion, following the divided motions panel's issuance of a stay in *Widakuswara* (D.C. Cir. No. 25-5144) in an order indicating that the panel majority's reasoning would also stay the April TRO in this case.

[3] Defendants have indicated that they intend to move to dismiss the appeal as moot. Gov't's May 14, 2025 Letter, No. 25-5158, Doc. #2115851. RFE/RL will oppose such a motion. *See* Resp. to Gov't's May 14, 2025 Letter, No. 25-5158, Doc. #2115916.

**ARGUMENT**

Because Defendants are re-running their April playbook now for the withholding of May funds, the Court's reasoning in the April TRO applies with equal force here.

This Court has already found that it has jurisdiction because both the "source of the rights upon which [RFE/RL] bases its claims" ("two statutory schemes") and "the type of relief sought" ("access to its congressionally appropriated funds" pursuant to a grant agreement, which is "a vehicle to distribute congressionally appropriated funds") demonstrate that RFE/RL's claims belong in this Court, not the Court of Federal Claims. Mem. Op. 8–9 (quotation omitted). That reasoning continues to control.

As in April, USAGM's refusal to disburse RFE/RL's May funds pursuant to a May "extender" grant agreement is final agency action under the APA. In the April TRO, the Court "comfortably" found that USAGM's refusal to engage with RFE/RL's request for a one-month extension was a denial of that request subject to judicial review. Mem. Op. 11. The agency's refusal to engage with RFE/RL's request for an extension in May is no different. Given RFE/RL's dire circumstances, time is of the essence to put in place a grant agreement covering May and to disburse May funds. Yet USAGM has steadfastly ignored RFE/RL's request for an "extender" grant agreement. Third Lataille Decl. Ex. 3 at 1. And when RFE/RL followed up on May 16 to confirm its understanding that the agency had refused RFE/RL's request for a mini-agreement, USAGM responded without disagreeing. *Id.* As in April, "the apparent stonewalling from the defendants renders their decision here." Mem. Op. 12. USAGM's denial of RFE/RL's request and its refusal to enter into a May agreement is final agency action.

7

In addition, this Court can review whether there has been agency action unlawfully withheld. USAGM's refusal to obligate and disburse RFE/RL's funding for May constitutes agency action "unlawfully withheld." The disbursement of RFE/RL's congressionally appropriated funds is a "discrete agency action" that USAGM is "required to take" by statute. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). The relevant statutory provision states that USAGM shall "make annual grants" to RFE/RL, "in compliance with a grant agreement" that contains "guidelines for such grants." 22 U.S.C. § 6207(f)–(g). USAGM has unlawfully withheld such a grant agreement: the Grant Agreement transmitted by USAGM in May is so unlawful, unworkable, and unreasonable that it is not a bona fide grant agreement containing guidelines for a grant, but rather an attempt to deny RFE/RL access to its congressionally appropriated funds and impound those funds. This "administrative inaction … has precisely the same impact on the rights of the parties as denial of relief": the denial of RFE/RL's congressionally appropriated funds, which will inevitably force RFE/RL into dissolution. *Friedman v. FAA*, 841 F.3d 537, 543 (D.C. Cir. 2016).

That action exceeds USAGM's statutory authority and is not in accordance with law. 5 U.S.C. § 706(2)(A), (B). The Court has found that USAGM has a statutory obligation to fund RFE/RL. *See* Mem. Op. 13. Despite this clear statutory directive, Defendants appear to have doubled down on their position that USAGM is not contravening its statutory obligations because it has provided RFE/RL with some version of a grant agreement. But this grant agreement remains unchanged from the April 24 version that USAGM wanted RFE/RL to use, and it remains unlawful, unworkable, and unreasonable. *Compare* ECF 42-2 *with* Third Lataille Decl. Ex. 2; *see also* Apr. 28, 2025 Hr'g Tr. 30:23–25, ECF 47. As this Court has made clear, signing that version

of the grant agreement "is not a viable course of action for RFE/RL" because that version "contains provisions to which RFE/RL cannot lawfully or practically assent." Mem. Op. 13–14. Therefore, USAGM's refusal to enter into a mini-agreement for the month of May while insisting that RFE/RL enter into a substantively unchanged FY 25 Master Grant Agreement is no offer at all—it is a withholding of RFE/RL's congressionally appropriated funds.

In addition, Defendants' unexplained refusal to enter into a short "mini-agreement" to provide RFE/RL its May funding is arbitrary and capricious. 5 U.S.C. § 706(2)(A). The Court has determined that "RFE/RL has a legal claim to [congressionally appropriated] funds on a monthly basis," Mem. Op. 13 n.5, and USAGM's "refus[al] to enter into a bridge agreement without any apparent consideration of the reliance interests at stake" is arbitrary and capricious, *id.* at 14. Yet, not one month after this Court granted the April TRO on this basis, USAGM is placing RFE/RL in *the same* predicament: USAGM has provided no explanation for and expressed no consideration of the consequences for its refusal to enter into a May mini-agreement. *See* Third Lataille Decl. ¶ 12. Because Defendants' actions in May mirror those of April in virtually all respects, the Court's April TRO finding that they acted arbitrarily and capriciously applies equally here.

Developments before the D.C. Circuit only confirm that a further TRO is warranted. For the reasons Judge Pillard explained, the modest relief this Court ordered in April was proper. And the *en banc* court's action with respect to the original stay order "ha[d] the consequence of requiring the government to distribute [RFE/RL's] past-due funding to prevent [its] imminent collapse while [the *en banc* Court] consider[s] the government's jurisdictional argument." No. 25-5158, Doc. #2115063, at 4 (D.C. Cir. May 9, 2025) (statement of Pillard, J., concurring in the *en*

9

*banc* Court's May 7, 2025 order). A further TRO by this Court is now needed to prevent RFE/RL's collapse while the *en banc* court continues to consider the jurisdictional issues the government has raised.

The remaining factors also favor granting the further temporary restraining order for the same reasons this Court has already found. In the April TRO, the Court found likely irreparable harm where USAGM's withholding of April funds would result in a "a complete gutting of RFE/RL's infrastructure" and "threaten the very existence of [the] business." Mem. Op. 16–17. Currently, RFE/RL is in the same position as when the Court issued the April TRO: without May funding RFE/RL will be forced to close down the vast majority of the organization by the end of June. Fifth Declaration of Stephen Capus, Ex. B ¶ 10.

The final two factors—the balance of the equities and the public interest—continue to "favor RFE/RL" because, as the Court has twice found, "RFE/RL is likely to succeed on the merits of its APA claim," and Congress has enshrined into law the interest of the United States in supporting broadcasting to other nations, specifically identifying RFE/RL as the entity through which the United States will carry out this mission. Mem. Op. 17 (citing 22 U.S.C. § 6201(3)).

## CONCLUSION

The Court should grant the requested further temporary restraining order.

10

May 20, 2025                                    Respectfully submitted,

                                               */s/ Marney L. Cheek*
                                               Marney L. Cheek (D.C. Bar No. 470596)
                                               David M. Zionts (D.C. Bar No. 995170)
                                               Thomas Brugato (D.C. Bar No. 1013523)
                                               COVINGTON & BURLING LLP
                                               850 Tenth Street NW
                                               Washington, DC 20001-4956
                                               (202) 662-6000
                                               mcheek@cov.com
                                               dzionts@cov.com
                                               tbrugato@cov.com

                                               *Attorneys for Plaintiff RFE/RL, Inc.*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2025, I filed the foregoing document with the Clerk of

Court for the United States District Court for the District of Columbia using the court's CM/ECF

filing system, which will send notification of such filing via e-mail to all counsel of record.


Respectfully submitted,

*/s/ Marney L. Cheek*
Marney L. Cheek (D.C. Bar No. 470596)
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000
mcheek@cov.com

*Attorney for Plaintiff RFE/RL, Inc.*

12