UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RFE/RL, INC.,

            Plaintiff,

  v.

KARI LAKE, in her official capacity, *et al.*,

            Defendants.

No. 25-cv-00799-RCL

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR A FURTHER TEMPORARY RESTRAINING ORDER</u>**

    The United States Agency for Global Media ("USAGM" or the "Agency"), Kari Lake, in her official capacity as Senior Advisor to the Acting CEO of USAGM, and Victor Morales, in his official capacity as Acting CEO of USAGM (together, the "Defendants" or the "Government") respectfully submit this opposition to Plaintiff's motion for a further temporary restraining order, ECF No. 56.

    Plaintiff's motion once again asks this Court to intervene in the parties' contractual relationship as the parties are working to negotiate the terms of a new grant agreement. In particular, Plaintiff asks the Court to require specific performance under the terms of the parties' prior, now-expired grant agreement for the month of May and disburse over $12 million to Plaintiff. For the reasons set forth in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction, *see* ECF No. 44, which is incorporated by reference here, Defendants

oppose this motion.[1]

In sum, as the D.C. Circuit recently recognized in *Widakuswara v. Lake*, such claims are beyond this Court's jurisdiction and can only be heard by the Court of Federal Claims. *See Widakuswara v. Lake*, No. 25-5144, 2025 WL 1288817 (D.C. Cir. May 3, 2025), *administratively stayed in part*, *sub nom.*, *petition for rehearing en banc pending*, *Middle E. Broad. Networks, Inc., v. United States*, No. 25-5150, 2025 WL 1378735 (D.C. Cir. May 7, 2025). Indeed, in this case, a D.C. Circuit *per curium* panel stayed this court's previous TRO regarding the April payment, reasoning that "the district court had no basis for binding the agency to all of the terms contained in earlier grant agreements," and that "the court likely lacked jurisdiction to order the payment of funds owed under a grant agreement." *RFE/RL, Inc. v. Lake*, No. 25-5158 (D.C. Cir. May 7, 2025), *administratively stayed in part*, *sub nom.*, *petition for rehearing en banc pending*, *Middle E. Broad. Networks, Inc., v. United States*, No. 25-5150, 2025 WL 1378735 (D.C. Cir. May 7, 2025).[2]

Although the D.C. Circuit's decisions in *Widakuswara* and *RFE/RL*—stays of the District Court's Orders regarding grant terminations—were themselves administratively stayed by the D.C. Circuit *en banc*, the *en banc* Court did not address the content of the panel decision or express disagreement with its conclusion that the Government would likely prevail on the merits of its jurisdictional argument. *See Middle E. Broad. Networks, Inc.*, 2025 WL 1378735, at *5 (D.C. Cir. May 7, 2025) (Rao, J., dissenting) (noting that the *en banc* Court's order "offers no explanation as to whether the panel's holding [as to likelihood of success on the merits] was erroneous"). Indeed,

---

[1] Defendants recognize that this Court has previously rejected their jurisdictional arguments, *see* ECF No. 48 at 8–10, but press them here again in light of the intervening guidance from the D.C. Circuit and to preserve them for possible appeal.

[2] After making the payment required under the April TRO, the government has moved to dismiss the RFE/RL TRO appeal.

one Judge made clear that the administrative stay was "not a rushed effort to choose one side or the other," but, rather, is necessary in Judge Pillard's view, "to prevent [the Plaintiff networks' imminent collapse while [the D.C. Circuit] consider[s] the government's jurisdictional argument." *Middle E. Broad. Networks, Inc.*, No. 25-5150, Doc. No. 2115063 at *4 (Pillard, J., concurring in the *en banc* order entering an administrative stay) (explaining that the administrative stay).

The reasoning offered by a single judge—that imminent collapse may necessitate a disbursement of funds even while the D.C. Circuit considers the Court's jurisdiction—no longer applies for the Plaintiff in this matter.  Although the development is strikingly absent from Plaintiff's motion, it has been widely reported that the European Union is now supplying funding to Plaintiff.  *See, e.g.,* Rana Taha, "EU releases funding to keep Radio Free Europe afloat," *Deutsche Welle* (May 21, 2025), *available at* https://www.dw.com/en/eu-releases-funding-to-keep-radio-free-europe-afloat/a-72617621, (reporting that "The European Union is providing €5.5 million ($6.2 million) to support Radio Free Europe/Radio Liberty (RFE/RL) after the broadcaster lost US public funding."); Jenny Gross, "E.U. Offers Emergency Funding for Radio Free Europe After Trump Cuts," *The New York Times* (May 21, 2025), *available at* https://www.nytimes.com/2025/05/21/world/europe/radio-free-europe-funding-eu.html, (reporting "Kaja Kallas, the European Union's top diplomat, announced that the bloc would provide 5.5 million euros ($6.2 million) to support Radio Free Europe, which provides independent reporting in countries with limited press freedoms").[3]  In light of this reported alternative source

---

[3] The *New York Times* article reports that RFE representatives stated that the amount was "far short of what the news organization said it needed to stay afloat," but they provided neither any context nor any timeframe for which they asserted the funds were inadequate.  Plainly, if the request for May funds in the Plaintiffs' current motion comprises approximately $12 million, there must be some period of time for which $6 million will be adequate.  Moreover, Plaintiff

of potential funding—even if the Court found that Plaintiff previously demonstrated that it would suffer irreparable harm in the absence of a disbursement of USAGM funding—Plaintiff cannot now demonstrate that it is likely to suffer harm that is "certain, great, actual, and imminent," *Hi-Tech Pharmacal Co. v. FDA*, 587 F. Supp. 2d 1, 11 (D.D.C. 2008) (citation omitted), in the absence of the relief Plaintiff requests.

Especially because Plaintiff asks this Court to compel an affirmative action by the government, Plaintiff cannot meet its burden here. "[C]ourts exercise extreme caution in assessing" motions seeking affirmative injunctive relief, and as a general rule they deny such relief unless "the facts and law clearly favor the moving party." *Shipbrokers Pte. Ltd. v. Blinken*, 560 F. Supp. 3d 81, 93 (D.D.C. 2021) (quotation omitted). In light of the *Widakuswara* panel's analysis—relying on recent Supreme Court guidance—that this Court likely lacks jurisdiction, *see supra*, and the fact that Plaintiff reportedly has available half of the funds it requests from another source altogether—Plaintiff cannot meet that elevated standard.

For all these reasons, the Court should deny Plaintiff's motion for a further temporary restraining order, or, at a minimum, defer any ruling pending the *en banc* D.C. Circuit's resolution of the pending motions for *en banc* review of the motions for stay pending appeal. If the Court is nonetheless inclined to order the relief Plaintiff requests, the Court should order Plaintiff to post bond in an amount equal to any funds disbursed, as the D.C. Circuit recently clarified: "injunction bonds are generally required." *Nat'l Treasury Emps. Union v. Trump*, No. 25-5157, 2025 WL 1441563, at *3 n.4 (D.C. Cir. May 16, 2025) (citing Fed. R. Civ. P. 65(c)).

---

has not demonstrated that, in any event, all of the $12 million it seeks is urgently needed by Plaintiff to prevent imminent irreparable harm.

Dated: May 23, 2025				Respectfully submitted,

						YAAKOV M. ROTH
						Acting Assistant Attorney General

						ERIC J. HAMILTON
						Deputy Assistant Attorney General
						Civil Division, Federal Programs Branch

						JOSEPH E. BORSON
						Assistant Branch Director
						Federal Programs Branch


						/s/ *Abigail Stout*
						ABIGAIL STOUT
						(DC Bar No. 90009415)
						*Counsel*
						U.S. Department of Justice
						Civil Division
						950 Pennsylvania Avenue, NW
						Washington, DC 20530
						Telephone: (202) 514-2000
						Email: Abigail.Stout@usdoj.gov

						/s/ *Julia A. Heiman*
						JULIA A. HEIMAN (D.C. Bar No. 986228)
						Federal Programs Branch
						U.S. Department of Justice, Civil Division
						1100 L Street, N.W.
						Washington, DC 20005
						Tel. (202) 616-8480 / Fax (202) 616-8470
						julia.heiman@usdoj.gov

						*Attorneys for Defendants*