UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RFE/RL, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>KARI LAKE, in her official capacity as Senior Advisor to the Acting CEO of the United States Agency for Global Media;<br><br>VICTOR MORALES, in his official capacity as acting Chief Executive Officer of the United States Agency for Global Media; and<br><br>UNITED STATES AGENCY FOR GLOBAL MEDIA,<br><br>*Defendants*. | Case No. 1:25-cv-799-RCL |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR A FURTHER TEMPORARY RESTRAINING ORDER**

RFE/RL is now in the same position as it was in April—facing imminent closure in just a few weeks. Defendants do not dispute this. This Court's reasoning in its April 29, 2025 order applies with equal force now. Defendants do not dispute this either. Instead, Defendants raise two main arguments in their opposition to RFE/RL's motion, neither of which is a sound basis for this Court reaching a different conclusion than the one it reached a month ago when the exact same issue was presented. First, Defendants are incorrect that developments before the D.C. Circuit should affect this Court's prior conclusion that it has jurisdiction. Second, Defendants mischaracterize preliminary funding developments within the European Union: the EU's pledge of roughly $6.25 million to a third party, the European Endowment for Democracy, which (subject to arrangements yet to be settled) will provide some portion of those funds to RFE/RL at some point in the future, to support some but not all of RFE/RL's programming, does nothing to undermine RFE/RL's showing that it is suffering irreparable harm right now as a consequence of Defendants' unlawful conduct.[1]

### 1. Developments Before the D.C. Circuit

Defendants properly decline to suggest that the divided panel decision granting a stay but which itself has been administratively stayed establishes a binding precedent, and they acknowledge that further guidance is pending from the *en banc* court. Under these circumstances, there is no reason for this Court to reconsider its own prior determination of its jurisdiction.

The panel opinion that Defendants repeatedly cite has been administratively stayed by the *en banc* D.C. Circuit. This means that, for the time being, the panel opinion may not "go [] into

---

[1] RFE/RL incorporates by reference the arguments in its Reply in Support of Its Motion for a Further TRO, ECF No. 34, and its Reply in Support of Its Motion for a Preliminary Injunction, ECF No. 45.

effect." *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring); *cf. Nken v. Holder*, 556 U.S. 418, 428 (2009) (a stay "temporarily divest[s] an order of enforceability"). Defendants appear to have acknowledged as much in their recently-filed motion to voluntarily dismiss their appeal, explaining that after the *en banc* court administratively stayed the motions panel opinion, the government "*accordingly* disbursed the April funding." Mot. to Dismiss 2, *RFE/RL, Inc. v. Lake*, No. 25-5158, Doc. #2117062 (D.C. Cir. filed May 22, 2025) (emphasis added).[2] The administrative stay has thus divested the motions panel order of any binding effect until the *en banc* court decides RFE/RL's petition for rehearing.

In the meantime, urgent relief is needed to keep RFE/RL alive. Defendants' suggestion to "defer any ruling pending the *en banc* D.C. Circuit's resolution of the pending motions," Opp. 4, ECF No. 57, ignores the real-world consequences to RFE/RL of delay: without May funding, the vast majority of RFE/RL will shut down by the end of June. Fifth Declaration of Stephen Capus, Ex. B ¶ 10, ECF No. 56-6. RFE/RL cannot predict when the *en banc* court will rule, and deferring resolution of this motion until the *en banc* court rules could cause serious and irreparable harm to RFE/RL.

Further, while the *en banc* court's administrative stay does not reflect a ruling on the merits, it does "reflect[] a first-blush judgment about the relative consequences of staying" the motions panel order "versus allowing it [to] go [] into effect." *Texas*, 144 S. Ct. at 798 (Barrett, J., concurring). As Defendants recognize, Judge Pillard explained in her concurring opinion that the administrative stay was "necessary . . . 'to prevent [the Plaintiff networks'] imminent collapse while [the D.C. Circuit] consider[s] the government's jurisdictional argument.'" Opp. 3 (quoting

---

[2] RFE/RL intends to file a response to Defendants' motion to voluntarily dismiss their appeal.

2

*Middle E. Broad. Networks, Inc. v. United States*, No. 25-5150, Doc. No. 2115063 at *4 (Pillard, J., concurring in the *en banc* order entering an administrative stay)). In other words, the *en banc* court took an action in the form of the administrative stay reflecting a judgment that RFE/RL should *not* be forced to face the risk of imminent collapse while awaiting the D.C. Circuit's consideration of the jurisdiction issues. These developments in the D.C. Circuit thus bolster this Court's prior conclusion that the equities support the grant of a temporary restraining order.

**2. The Potential for Limited European Union Funding in the Future**

Defendants' other suggestion—that the *en banc* court's decision granting an administrative stay "no longer applies" because "the European Union is now supplying funding to Plaintiff," Opp. 3—is not accurate. On May 20, 2025, the High Representative of the European Commission indicated that the European Union intends to provide €5.5 million (approximately $6.25 million) to the European Endowment for Democracy ("EED"). Sixth Declaration of Stephen Capus ("Sixth Capus Decl.") ¶ 2. EED is a third-party organization established by the EU and EU member states to foster democracy in various regions; EED supports many causes, including "independent media platforms and journalists working towards a pluralistic, democratic political system."[3] Some portion of the funds intended for EED will ultimately be provided to RFE/RL. Sixth Capus Decl. ¶ 3. But both the timing and the amount of any of that funding reaching RFE/RL remains uncertain.

As to timing, to RFE/RL's knowledge, any "contract between the European Commission and EED has not yet been prepared, let alone executed, and EED has not yet received any of the [p]ledged [f]unds." *Id.* ¶ 4. Once EED receives any of those funds, it would in turn need to enter

---

[3] About EED, *European Endowment for Democracy*, available at https://www.democracyendowment.eu/about/about-eed (last visited May 26, 2025).

3

into an arrangement with RFE/RL to disburse those funds. *Id.* ¶ 5. RFE/RL has not received any of the pledged funds, and it does not expect to receive any funds before June 30, 2025, by which time "RFE/RL will be forced to shut down unless it receives its congressionally appropriated funds from USAGM." *Id.* ¶ 6.

As with timing, the amount of funding that RFE/RL might receive remains uncertain. *Id.* ¶ 3. The High Representative of the European Commission stated that the "focus" is to support RFE/RL's work in "those countries that are in our neighborhood,"[4] which RFE/RL understands to mean that the pledged funds may not be available to support all of RFE/RL's operations. That RFE/RL will receive at some point an unconfirmed sum of funds from EED does not render speculative the existential threat RFE/RL currently faces. In any event, even if all €5.5 million were to be provided to RFE/RL, that is roughly half of what RFE/RL has a statutory entitlement to receive from Defendants for its May operations alone, making clear that EED's donated funds (if and when they are received) will be at best an extremely short-term stopgap, not a change in circumstance preventing RFE/RL from experiencing irreparable harm as a consequence of Defendants' refusal to make available its congressional appropriation.

Therefore, a further TRO remains vitally necessary in order to keep RFE/RL in existence while the *en banc* court considers the jurisdictional issues the government has raised.

---

[4] Rana Taha, "EU releases funding to keep Radio Free Europe afloat," *Deutsche Welle* (May 21, 2025), *available at* https://www.dw.com/en/eu-releasesfunding-to-keep-radio-free-europe-afloat/a-72617621 (cited at Opp. 3).

May 27, 2025                                         Respectfully submitted,

                                                          */s/ Marney L. Cheek*
Marney L. Cheek (D.C. Bar No. 470596)
David M. Zionts (D.C. Bar No. 995170)
Thomas Brugato (D.C. Bar No. 1013523)
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000
mcheek@cov.com
dzionts@cov.com
tbrugato@cov.com

*Attorneys for Plaintiff RFE/RL, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, I filed the foregoing document with the Clerk of Court for the United States District Court for the District of Columbia using the court's CM/ECF filing system, which will send notification of such filing via e-mail to all counsel of record.

Respectfully submitted,

/s/ Marney L. Cheek
Marney L. Cheek (D.C. Bar No. 470596)
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000
mcheek@cov.com

*Attorney for Plaintiff RFE/RL, Inc.*