UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RFE/RL, INC.**, <br><br> *Plaintiff*, <br><br> v. <br><br> **KARI LAKE**, in her official capacity as Senior Advisor to the Acting CEO of the United States Agency for Global Media, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-799-RCL |

## MEMORANDUM ORDER

Before the Court is Plaintiff RFE/RL's Renewed Motion [ECF No. 56] for a Temporary Restraining Order (TRO)[1] seeking to enjoin the defendants, the U.S. Agency for Global Media (USAGM) and the acting leadership of the agency, to immediately disburse $12,174,979 in congressionally appropriated funds to cover RFE/RL's expenditures for the month of May 2025.

The Court assumes familiarity with the factual and procedural background of this case, detailed at length in numerous opinions. *See RFE/RL, Inc. v. Lake*, --- F. Supp. 3d ---, No. 25-cv-799-RCL, 2025 WL 1232863 (D.D.C. Apr. 29, 2025) ("April TRO") (ordering the government to disburse congressionally appropriated funding to RFE/RL for the month of April); *Widakuswara v. Lake*, --- F. Supp. 3d ---, No. 25-cv-1015-RCL, 2025 WL 1166400 (D.D.C. Apr. 22, 2025); *RFE/RL, Inc. v. Lake*, --- F. Supp. 3d ---, No. 25-cv-799-RCL, 2025 WL 900481 (D.D.C. Mar. 25, 2025).

---

[1] In this lawsuit, RFE/RL has moved for two forms of preliminary relief: 1) a renewed TRO, which is the motion at issue in the instant Order, and 2) a preliminary injunction (PI), which would order the defendants to effectuate a grant agreement with RFE/RL to disburse congressionally appropriated funds through September 30, 2025. *See* Mot. for TRO, ECF No. 56; Mot. for PI, ECF No. 41. The PI Motion remains under advisement. With the instant Order, the Court only resolves the renewed TRO Motion.

1

The parties are in virtually the exact same situation that they were in one month ago, when this Court granted the April TRO. USAGM has once again refused to enter into a one-month "extender" agreement to cover RFE/RL's May funding while negotiations for a FY 2025 Master Grant Agreement can meaningfully take place. And again, we have reached the end of the month, and RFE/RL has not received the congressionally appropriated funds that it would customarily receive at the *beginning* of the month. The Court's reasoning that justified the entry of the April TRO applies with equal force now.

The defendants highlight one factual development since April: The European Union has announced an intent to provide $6.2 million in funding to RFE/RL. *See* TRO Opp'n at 3–4 (collecting various news sources). Specifically, on May 20, 2025, the High Representative of the European Commission indicated that the European Union intends to provide €5.5 million (approximately $6.25 million) to the European Endowment for Democracy ("EED"), and that some portion of those funds will ultimately be provided to RFE/RL. Sixth Decl. of Stephen Capus, President of RFE/RL ("Sixth Capus Decl.") ¶¶ 2–3, ECF No. 58. In light of this announcement, the defendants argue that RFE/RL can no longer make the requisite showing of irreparable harm to justify court intervention at this time. TRO Opp'n at 4. But as RFE/RL explains in their Reply, RFE/RL does not expect to receive any of those funds before June 30, 2025—and without any funding in the meantime, RFE/RL will shut down the vast majority of its operations by the end of June. Reply at 2, 4 (citing Fifth Declaration of Stephen Capus ("Fifth Capus Decl.") ¶ 10, ECF No. 56-6). In short, the promise of some unidentified amount of funding, at some unidentified point in the future, does nothing to alleviate the irreparable harm that RFE/RL is facing now—furloughing staff, shutting down security features, terminating leases, and gutting the infrastructure

2

of its business with each passing day.  The Court therefore concludes that the instant TRO is warranted to prevent the imminent collapse of RFE/RL.

Finally, because RFE/RL is seeking the payment of a particular sum, i.e. $12,174,979, the defendants ask the Court to order the posting of a bond equal to that size.  TRO Opp'n at 4.  However, "where the defendants are already constitutionally required to distribute funds in accordance with the yearly appropriations bill . . . a bond would merely impose a financial barrier to litigation for plaintiffs seeking to vindicate their statutory and constitutional rights."  *Widakuswara*. 2025 WL 1166400, at *17.  For the same reasons articulated in *Widakuswara*, the Court declines to impose bond here.  *See also* April TRO at *8 (declining to impose bond in factually identical circumstances).

The Court observes that RFE/RL's Motion for a Preliminary Injunction, ECF No. 41, remains pending.  The Court has withheld a decision on that motion in part to allow for the appeals in various related cases take shape—but also in hopes that the parties would be able to enter a FY 25 Master Grant Agreement without further intervention from this Court.  But that possibility is looking increasingly unlikely as another month has ticked by, and the parties have made no progress towards reaching an agreement.  This Court has previously observed that "delayed, broken down grant negotiations and indefinite withholding of congressionally appropriated funds, with a statutorily created entity on the brink of collapse, creates a scenario begging for APA review."  *Widakuswara*, 2025 WL 1166400, at *12.  The Court intends to rule on the pending preliminary injunction motion promptly to avoid ending up in this exact same position at the end of June.

Therefore, upon consideration of the plaintiff's Motion [ECF No. 56] for a Temporary Restraining Order, the defendants' Opposition thereto, the plaintiff's Reply, and the entire record herein, it is hereby

**ORDERED** that the plaintiff's Motion for a Temporary Restraining Order [ECF No. 56] is **GRANTED**; and it is further

**ORDERED** that Defendants are enjoined to immediately enter into a grant agreement with Plaintiff covering May 2025 under the same terms and conditions applicable to the most recent master grant agreement between the parties, in materially identical terms to the agreement between the parties pertaining to April 2025; and it is further

**ORDERED** that Defendants are enjoined to immediately disburse RFE/RL's May funding in the amount of $12,174,979; and it is further

**ORDERED** that Defendants file a status report within 72 hours of the issuance of this Order, on June 2, 2025, apprising the Court of the status of their compliance with this Order, including documentation sufficient to show the disbursement to Plaintiff of the funds Congress appropriated through May 31, 2025.

**IT IS SO ORDERED.**

Date: May 30, 2025
4:15 P.M.

Royce C. Lamberth
United States District Judge