## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| RFE/RL, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> KARI LAKE, in her official capacity as Senior Advisor to the Acting CEO of the United States Agency for Global Media; <br><br> VICTOR MORALES, in his official capacity as acting Chief Executive Officer of the United States Agency for Global Media; and <br><br> UNITED STATES AGENCY FOR GLOBAL MEDIA, <br><br> *Defendants*. | Case No. 1:25-cv-799-RCL |

## <u>PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A FURTHER TEMPORARY RESTRAINING ORDER</u>

**TABLE OF CONTENTS**

**INTRODUCTION**.............................................................................................................. 1

**BACKGROUND** ............................................................................................................. 1

**ARGUMENT** .................................................................................................................. 3

**CONCLUSION** .............................................................................................................. 6

i

**INTRODUCTION**

Defendants have once again forced RFE/RL to seek relief from this Court because they refuse to meet their statutory obligations and provide RFE/RL with its congressionally appropriated funds through a grant agreement. In fact, since the Court issued a temporary restraining order ("TRO") in May, Defendants have continued to maintain their refusal to engage in negotiations for a FY 2025 Master Grant Agreement *at all* and have failed to respond to repeated requests from RFE/RL for its June funding or an "extender" agreement. In the meantime, Defendants' conduct continues to harm RFE/RL, which faces closure in July absent relief from this Court. Because the parties are substantially in the same posture as they were a month ago, and because the reasoning of this Court's April and May TROs applies directly to all aspects of this motion, RFE/RL respectfully suggests that the Court can grant a further TRO on the papers without holding a hearing. Alternatively, RFE/RL respectfully requests a prompt hearing in light of the urgency of the situation and the time it took for RFE/RL to receive its funding following this Court's April and May orders.

**BACKGROUND**

Given the Court's familiarity with the issues presented in this case, RFE/RL summarizes developments only since May 20, 2025, the day it filed its most recent motion for a further TRO.

On May 30, this Court issued a TRO directing Defendants to immediately enter into a grant agreement with RFE/RL covering May 2025 and to immediately disburse RFE/RL's May funding in the amount of $12,174,979. *RFE/RL, Inc. v. Lake*, No. 1:25-cv-799-RCL, 2025 WL 1565307 (D.D.C. May 30, 2025), ECF 60. As required by the TRO, Defendants provided a status update on June 2. ECF 61. Defendants stated that they had provided RFE/RL with a proposed extender

1

agreement for May. *Id.* at 1. Defendants further stated that USAGM "ha[d] started the disbursement process for the May funds." *Id.* at 1–2. On June 12, RFE/RL finally received its appropriated funds for May—approximately six weeks later than they would have been received in the ordinary course. Fourth Declaration of Joseph Lataille ("Fourth Lataille Decl."), Ex. A ¶ 4.

However, RFE/RL still has not received its congressionally appropriated funding for June. On June 2, RFE/RL requested its June funding in the amount of $13,354,723.[1] *Id.* ¶ 3. USAGM has not responded to that request. *Id.* On June 12, RFE/RL asked USAGM for an "extender" agreement for June. *Id.* ¶ 5. USAGM has not responded to that request, nor has it responded to RFE/RL's June 19 follow-up email, in which RFE/RL stated its understanding that USAGM's lack of response amounted to a rejection and asked for clarification if this was wrong. *Id.* ¶¶ 5–6. Thus, RFE/RL remains without both a grant agreement and its June funding despite several requests to Defendants. Defendants also have not responded to RFE/RL's May 19 email to USAGM about the FY 2025 Master Grant Agreement, in which RFE/RL expressed willingness to engage with USAGM to address its concerns with the full-year Master Grant Agreement. *Id.* ¶ 2.

In the D.C. Circuit, RFE/RL's fully briefed petition for *en banc* reconsideration of the motions panel's stay decision, currently administratively stayed, remains pending. No. 25-5158, Doc. #2114148. Defendants' motion to voluntarily dismiss their own appeal of this Court's April TRO also remains pending. No. 25-5158, Doc. #2117062. RFE/RL opposed dismissal of the appeal prior to the resolution of RFE/RL's *en banc* petition. No. 25-5158, Doc. #2117903.

---

[1] RFE/RL is aware through public reporting of a June 20, 2025 letter from Defendant Kari Lake to Senator Lindsey Graham stating USAGM's "intent" to transfer 5% of RFE/RL's funding to USAGM for "mission support." At this time, RFE/RL has not received any direct outreach from USAGM regarding this potential reprogramming of funds, and thus maintains its request for full June funding.

**ARGUMENT**

Because Defendants are now re-running their playbook from the past two months for the withholding of June funds, the Court's reasoning in the April and May TROs once again applies with equal force. This Court has already found that it has jurisdiction. *See RFE/RL, Inc. v. Lake*, No. 1:25-cv-799-RCL, 2025 WL 1232863, at \*4–5 (D.D.C. Apr. 29, 2025). That reasoning continues to control.

As in April and May, USAGM's refusal to disburse RFE/RL's June funds pursuant to an extender grant agreement is final agency action under the APA. In its April TRO decision, the Court "comfortably" found that USAGM's refusal to engage with RFE/RL's request for a one-month extension was a denial of that request subject to judicial review. *Id.* at \*6. Likewise, in its May TRO, the Court noted that "[t]he parties are in virtually the exact same situation that they were in one month ago," so "[t]he Court's reasoning that justified the entry of the April TRO applies with equal force now." *RFE/RL*, 2025 WL 1565307, at \*1. The same is true now: USAGM has not responded to RFE/RL's request for a June extender agreement. *See* Fourth Lataille Decl. ¶ 5. And just as in April and May, "the apparent stonewalling from the defendants renders their decision here, to refuse a[ June] extension, the consummation of the agency's decisionmaking process on the matter." 2025 WL 1232863, at \*6 (internal quotation marks omitted).

A further TRO is warranted also because USAGM's refusal to obligate and disburse RFE/RL's June funding constitutes agency action unlawfully withheld. The disbursement of RFE/RL's congressionally appropriated funds is a "discrete agency action" that USAGM is "required to take" by statute. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004); *see also* 22 U.S.C. § 6207(f)–(g) (providing that USAGM shall "make annual grants" to RFE/RL through

3

grant agreements containing guidelines).  USAGM continues to withhold a grant agreement, failing to respond *for over a month and counting* to RFE/RL's May 19 overture.  Fourth Lataille Decl. ¶ 2.  This Court has already found that USAGM's proposed FY 2025 Master Grant Agreement "is not a viable course of action for RFE/RL" because that version "contains provisions to which RFE/RL cannot lawfully or practically assent."  2025 WL 1232863, at *6.  This "administrative inaction . . . has precisely the same impact on the rights of the parties as denial of relief": the denial of RFE/RL's congressionally appropriated funds.  *Friedman v. FAA*, 841 F.3d 537, 543 (D.C. Cir. 2016).

For similar reasons, USAGM's refusal to enter into an extender agreement for June while apparently standing behind its unworkable FY 2025 proposed grant agreement exceeds USAGM's statutory authority and is not in accordance with law.  *See* 5 U.S.C. § 706(2)(A)–(B); 2025 WL 1232863, at *6–7 (concluding that USAGM has a statutory obligation to fund RFE/RL).  In addition, Defendants' unexplained refusal to enter into an extender agreement to provide RFE/RL its June funding is arbitrary and capricious.  *See* 5 U.S.C. § 706(2)(A). The Court has already determined that "RFE/RL has a legal claim to [congressionally appropriated] funds *on a monthly basis*," 2025 WL 1232863, at *6 n.5, and USAGM's "refus[al] to enter into a bridge agreement without any apparent consideration of the reliance interests at stake" is arbitrary and capricious, *id.* at *7.  And since USAGM has refused to correspond with RFE/RL regarding its June funding or the FY 2025 Master Grant Agreement, let alone negotiate in good faith, *see* Fourth Lataille Decl. ¶¶ 2–5, the agency still has provided no explanation or justification for its continued failure to meet its statutory obligations.

As in April and May, a further TRO by this Court is needed to prevent RFE/RL's collapse while the *en banc* D.C. Circuit continues to consider the issues Defendants have raised on appeal, and while this Court continues to evaluate the pending preliminary injunction motion.

The remaining factors also favor granting the further TRO, for the same reasons this Court has already found.  In the April TRO, the Court found likely irreparable harm because USAGM's withholding of April funds would result in a "a complete gutting of RFE/RL's infrastructure" and "threaten the very existence of [the] business."  2025 WL 1232863, at *8.  And in its May TRO, the Court noted that absent its congressionally appropriated funds, RFE/RL would have to "furlough[] staff, shut[] down security features, terminat[e] leases, and gut[] the infrastructure of its business with each passing day."  2025 WL 1565307, at *1.

Currently, RFE/RL is in the same position as when the Court issued the April and May TROs: without June funding, RFE/RL will be forced to close down the vast majority of the organization by the end of July. *See* Seventh Declaration of Stephen Capus, Ex. B ¶¶ 2–9. The final two factors—the balance of the equities and the public interest—continue to "favor RFE/RL" because, as the Court has repeatedly found, "RFE/RL is likely to succeed on the merits of its APA claim," and "Congress has enshrined into law that '[i]t is in the interest of the United States to support broadcasting to other nations,' and for the last seventy-five years has specifically identified RFE/RL as the entity through which the United States will carry out this mission."  2025 WL 1232863, at *8 (quoting 22 U.S.C. § 6201(3)).

## CONCLUSION

The Court should grant the requested further temporary restraining order.

June 23, 2025                                    Respectfully submitted,

/s/ Marney L. Cheek
Marney L. Cheek (D.C. Bar No. 470596)
David M. Zionts (D.C. Bar No. 995170)
Thomas Brugato (D.C. Bar No. 1013523)
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000
mcheek@cov.com
dzionts@cov.com
tbrugato@cov.com

*Attorneys for Plaintiff RFE/RL, Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2025, I filed the foregoing document with the Clerk of

Court for the United States District Court for the District of Columbia using the court's CM/ECF

filing system, which will send notification of such filing via e-mail to all counsel of record.


Respectfully submitted,

/s/ Marney L. Cheek
Marney L. Cheek (D.C. Bar No. 470596)
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000
mcheek@cov.com

*Attorney for Plaintiff RFE/RL, Inc.*