UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RFE/RL, INC.**,

*Plaintiff*,

v.

**KARI LAKE**, in her official capacity as Senior Advisor to the Acting CEO of the United States Agency for Global Media, *et al.*,

*Defendants*.

Case No. 1:25-cv-799-RCL

## MEMORANDUM ORDER

Before the Court is Plaintiff RFE/RL's Renewed Motion [ECF No. 62] for a Temporary Restraining Order (TRO)[1] seeking to enjoin the defendants, the U.S. Agency for Global Media (USAGM) and the acting leadership of the agency, to immediately disburse $13,354,723 in congressionally appropriated funds to cover RFE/RL's expenditures for the month of June 2025.

The Court assumes familiarity with the factual and procedural background of this case, detailed at length in numerous opinions. *See RFE/RL, Inc. v. Lake*, No. 25-cv-799-RCL, 2025 WL 156307 (D.D.C. May 30, 2025) ("May TRO") (ordering the government to disburse congressionally appropriated funding to RFE/RL for the month of May); *RFE/RL, Inc. v. Lake*, --- F. Supp. 3d ---, No. 25-cv-799-RCL, 2025 WL 1232863 (D.D.C. Apr. 29, 2025) ("April TRO") (same, for the month of April); *Widakuswara v. Lake*, --- F. Supp. 3d ---, No. 25-cv-1015-RCL, 2025 WL 1166400 (D.D.C. Apr. 22, 2025); *RFE/RL, Inc. v. Lake*, --- F. Supp. 3d ---, No. 25-cv-

---

[1] In this lawsuit, RFE/RL has moved for two forms of preliminary relief: 1) a renewed TRO, which is the motion at issue in the instant Order, and 2) a preliminary injunction (PI), which would order the defendants to effectuate a grant agreement with RFE/RL to disburse congressionally appropriated funds through September 30, 2025. *See* Mot. for TRO, ECF No. 62; Mot. for PI, ECF No. 41. The PI Motion remains under advisement. With the instant Order, the Court only resolves the renewed TRO Motion.

1

799-RCL, 2025 WL 900481 (D.D.C. Mar. 25, 2025). The Court need not devote much additional discussion to resolve the instant TRO motion. Once again, USAGM has refused to enter into a one-month "extender" agreement, starving RFE/RL of its congressionally appropriated funds, and putting RFE/RL on the brink of collapse. The parties are substantially in the same posture as they were a month ago,[2] and the reasoning of this Court's April and May TROs applies directly to all aspects of this motion. For those reasons, the Motion is granted.

The Court pauses to underscore just exactly what is happening here. This is now the third time the Court has granted identical relief to enjoin the defendants' illegal actions toward RFE/RL. For months now, USAGM has been withholding congressionally appropriated funds from RFE/RL while paying lip service to the idea that the agency is open to meaningful negotiation of a Fiscal Year 2025 grant agreement. *See* Opp'n to May TRO at 1, ECF No. 57 (stating that "the parties are working to negotiate the terms of a new grant agreement"); Opp'n to Preliminary Injunction at 3, ECF No. 44 ("[N]egotiations between the parties are ongoing"); Opp'n to June TRO at 1, ECF No. 63 (incorporating arguments from the preliminary injunction opposition and May TRO opposition). But this Court has no choice but to conclude, based on the record before it, that USAGM has no intention of negotiating with RFE/RL or ever distributing the congressionally appropriated funds absent court intervention.

The latest submissions from RFE/RL reflect this unfortunate reality: On May 19, 2025, RFE/RL emailed USAGM, reattaching RFE/RL's redline edits to the proposed FY 2025 Master Grant Agreement and noting its willingness to substantively engage with USAGM regarding

---

[2] The defendants raise the possibility that funding from the European Union (EU) could mitigate RFE/RL's irreparable harm, obviating the need for preliminary relief. Opp'n to June TRO at 2–3, ECF No. 63. However, it appears that the status of potential EU funding for RFE/RL has not changed since May. *See* Eighth Declaration of Stephen Capus, President and CEO of RFE/RL, ¶ 2, ECF No. 64. So, the Court's same conclusion applies: that "the promise of some unidentified amount of funding, at some unidentified point in the future, does nothing to alleviate the irreparable harm that RFE/RL is facing now." May TRO at *1.

RFE/RL's concerns. *See* Mot. for TRO Ex. 1, ECF No. 62-3. To date, USAGM has not responded to this email. *See* Fourth Decl. of Joseph Lataille, Chief Financial Officer of RFE/RL ("Fourth Lataille Decl.") at ¶ 2, ECF No. 62-2. On June 2, RFE/RL requested its June funding, and USAGM did not respond. *Id.* ¶ 3. On June 12, RFE/RL asked USAGM for an "extender" agreement for June—and even followed up on June 19—and USAGM did not respond. *Id.* ¶¶ 5–6. What's more, as RFE/RL observes, "neither Defendant Lake nor any other employee of USAGM has submitted a declaration or any other evidence in this Court contradicting RFE/RL's evidence." Reply at 1 n.1, ECF No. 65. Surely the defendants cannot seriously expect this Court to read in their willingness to negotiate when faced with this record.

Finally, given that the defendants "incorporate by reference" their arguments in opposition to the April and May TROs, the Court understands that the government is renewing their request for RFE/RL to post bond commensurate with the monetary relief the Court is ordering—that is, the disbursement of $13,354,723. *See* TRO Opp'n at 1, ECF No. 63. However, "where the defendants are already constitutionally required to distribute funds in accordance with the yearly appropriations bill . . . a bond would merely impose a financial barrier to litigation for plaintiffs seeking to vindicate their statutory and constitutional rights." *Widakuswara*, 2025 WL 1166400, at *17. For the same reasons articulated in *Widakuswara*, the Court declines to impose bond here. *See also* April TRO at *8 (declining to impose bond in factually identical circumstances); May TRO at *2 (same).

Therefore, upon consideration of the plaintiff's Motion [ECF No. 62] for a Temporary Restraining Order, the defendants' Opposition thereto, the plaintiff's Reply, and the entire record herein, it is hereby

3

**ORDERED** that Plaintiff's Motion for a Temporary Restraining Order [ECF No. 62] is **GRANTED**; and it is further

**ORDERED** that Defendants are enjoined to immediately enter into a grant agreement with Plaintiff covering June 2025 under the same terms and conditions applicable to the most recent master grant agreement between the parties, in materially identical terms to the agreement between the parties pertaining to May 2025; and it is further

**ORDERED** that Defendants are enjoined to immediately disburse RFE/RL's June funding in the amount of $13,354,723, and it is further

**ORDERED** that Defendants file a status report within 48 hours of the issuance of this order apprising the Court of the status of their compliance with this Order, including documentation sufficient to show the disbursement to Plaintiff of the funds Congress appropriated through June 30, 2025.

**IT IS SO ORDERED.**

Date: July 1, 2025

Royce C. Lamberth
United States District Judge